GARRISON, Judge.
The defendant, Bobby Williams, was charged by bill of information with simple burglary, a violation of LSA-R.S. 14:62. A jury found the defendant guilty as charged. After a hearing on a multiple bill of information filed by the State, the defendant was found to be a second offender and was subsequently sentenced to four years at hard labor with credit for time served and no good time. Defendant now appeals.
On August 23, 1985, at approximately 4:00 a.m., Officer Frank Yaccarella of the New Orleans Police Department responded to a burglary call at the E & H Food Store at 1684 Chippewa Street in New Orleans. As he approached the area, he saw several subjects running out of the store carrying merchandise. Officer Vaccarella then walked up to the store and confronted the defendant coming out of the store carrying a crate of merchandise including liquor and cigarettes. The defendant dropped the crate and attempted to flee but was quickly apprehended and arrested by the police officer. The police also recovered an ax from the scene which had been used to chop down the door of the store.
In the only assignment of error urged by defendant’s attorney, he requests a review of this case for errors patent. A review of the record reveals that there are no errors patent.
The defendant in this case filed a pro se brief alleging several assignments of error. In the first assignment of error, the defendant argues that the evidence at trial was insufficient to support his convic *20 tion for simple burglary. Specifically, he argues that an ax found at the scene of the burglary and introduced into evidence was never connected to him.
LSA-R.S. 14:62 defines simple burglary as follows:
“Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60”
In this case, Officer Vaccarella testified that he caught the defendant exiting the store carrying a crate of store merchandise in the middle of the night when the store was not open for business. The owner of the store testified that he did not give the defendant permission to enter his store or take any merchandise on the night in question.
Clearly, sufficient evidence was presented to support defendant’s conviction for simple burglary. Although defendant is correct in his assertion that the ax found at the scene of the burglary and introduced into evidence was not connected to him, the other evidence presented more than sufficiently proved that defendant was guilty of the simple burglary of the E & H Food Store. This assignment of error is without merit.
In assignments of error two through six, the defendant alleges instances when his counsel was ineffective both at trial and on appeal. In assignment two, he contends that his counsel was ineffective because counsel allowed him to go to trial before a jury when he specifically told counsel that he wanted a judge trial. In assignment three, he contends that his counsel was ineffective because he accepted jurors who had been victims of burglaries. In assignment four, he claims that his counsel was ineffective because he withdrew all pre-trial motions. In assignment five, he argues that counsel was ineffective in failing to inform him of the filing of briefs in this appeal. In assignment six, he claims that counsel was ineffective because he failed to ensure that defendant was returned to the trial court for status hearings which were ordered by this court pursuant to various writ applications concerning this case.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed by an application for post-conviction relief filed in the trial court where an evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984). With the exception of assignment of error five, the merits of these assignments cannot be adequately considered by this court because no evidentia-ry hearing has been conducted with regard to these claims by the trial court. Therefore, we will not consider assignments of error two, three, four and six because these claims should first be considered by the trial court via an application for post-conviction relief.
In assignment of error five, the defendant argues that his counsel was ineffective because he failed to inform the defendant of briefs filed in this case. The defendant’s pro se brief raising this claim was filed in this court on April 14, 1988. His counsel’s brief was not filed until June 1, 1988. Thus, counsel is not guilty of neglecting to inform defendant of briefs filed in this case because no briefs had been filed before defendant’s pro se brief was filed. Although defendant’s counsel was late in filing his brief, that fact did not prejudice the defendant so as to warrant the reversal of his conviction and sentence. This assignment of error is without merit.
In the final assignment of error, the defendant argues that the trial judge erred in allowing the prosecutor to make “many suggestions and implications to the jury that the petitioner was guilty of the charge outside of the normal scope of the evidence that he had presented.” However, the defendant does not specify the suggestions or implications allegedly made by the prosecutor which went beyond the scope of the case. Therefore, the defendant has not raised a claim upon which this court can grant relief. This assignment of error is without merit.
*21 For the reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.